```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                        Richmond Division
```

FIELDTURF USA, INC. and,
FIELDTURF, INC.

    Plaintiffs,

v.                                            Misc. No. 3:06mc016

                                                         *Case No. 06-CV-02515*

SPECIALITY SURFACES                  *Pending in the United States*
INTERNATIONAL, INC. d/b/a         *District Court for the Eastern*
SPRINTURF, INC. and HENRY           *District of Pennsylvania*
JULICHER,

    Defendants.

**MEMORANDUM OPINION**

Currently before the Court is a MOTION TO QUASH SUBPOENA (Docket No. 1) arising from a case currently pending in the United States District Court for the Eastern District of Pennsylvania. Defendants, Specialty Surfaces International, Inc. d/b/a Sprinturf, Inc., and Henry Julicher ("Sprinturf"), have moved this Court to quash the subpoena issued on October 18, 2006, to Colony National Insurance Co. The subpoena requests that Colony National produce a "certified copy of each and every policy of insurance, together with all endorsements and attachments issued" to Sprinturf, as well as "[t]he complete underwriting file for all policies" and "[a]ny and all liability insurance claim files for any policies of

liability insurance.[1]  As explained below, the Motion to Quash Subpoena will be granted in part and denied in part.

## BACKGROUND

Plaintiffs and Defendants are competitors in the artificial turf industry.  Fieldturf filed a Complaint against Sprinturf on June 13, 2006, asserting claims for unfair business practices and defamation, all stemming from a press release that Sprinturf issued on March 15, 2006.  The press release highlighted a study that linked artificial turf with a sand/rubber infill to increased risks of staph infections.  Fieldturf sells and installs artificial turf that uses a sand/rubber infill.  Sprinturf sells and installs artificial turf products that use both sand/rubber infills and all rubber infills.

On September 26, 2006, counsel for Sprinturf and Fieldturf engaged in a telephone conference in which they discussed the case and attempted to arrange for initial disclosures and develop a discovery plan.  On October 18, 2006, Fieldturf caused a subpoena to issue from this Court to Colony National Insurance Company in Richmond, Virginia.

---

[1] Plaintiffs also issued a subpoena to another insurance company in the United States District Court for the Northern District of Georgia.  Defendants filed in that court a Motion to Quash that subpoena, but the motion was denied.

**DISCUSSION**

Rule 26 of the Federal Rules of Civil Procedure governs the process of discovery and sets forth the kinds of documents that generally are subject to mandatory disclosure. See Fed. R. Civ. P. 26(a). The rule states that certain information and documents are subject to mandatory disclosure "at or within 14 days after the Rule 26(f) conference" and "without awaiting a discovery request." Fed. R. Civ. P. 26(a)(1). Included in this list and subject to mandatory disclosure is "any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(D).

"A plain reading of Rule 26(a)(1)(D), indicates it is clearly designed for parties to produce documentation of any insurance policies that give rise to an insurer's obligation to indemnify or hold its insured harmless for a judgment. Likewise, the legislative history supports this interpretation." Excelsior College v. Frye, 233 F.R.D. 583, 585 (S.D. Cal. 2006). Sprinturf argues in its Motion to Quash that, because Fieldturf has requested all of Sprinturf's warranty insurance policies, the motion should be denied because warranty policies are not discoverable under Rule 26(a)(1)(D).

Though <u>Excelsior College</u> and a number of unpublished opinions appear to agree with Sprinturf that warranty insurance policies are generally not subject to mandatory disclosure under 26(a)(1)(D), it is not the case that a document is not discoverable simply because it is not subject to mandatory disclosure. The test for whether Fieldturf's discovery requests should be allowed is one of relevancy, governed by Rule 26(b), which provides that each party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. At the discovery stage of litigation, relevancy should be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978).

Fieldturf argues that its three discovery requests are all relevant under Rule 26(b)(1). In its first request, Fieldturf asks Colony National to produce a copy of "each and every policy of insurance, together with all endorsements and attachments issued to Specialty Surfaces . . . including but not limited to policies providing coverage for Commercial General Liability, Directors and Officer's Liability and/or Warranty Liability." Fieldturf argues that Colony National should be required to produce Sprinturf's insurance policies because the policies could show that Colony National was never put on notice of potential claims for injury from staph infections. If this is the case, Fieldturf argues that the lack of notice would show that Sprinturf never considered to be plausible the statements that it made respecting the risk of staph infections. This argument, however, is too attenuated to make Sprinturf's warranty insurance policy relevant for discovery purposes, at least at this stage of the litigation. If Colony National possesses insurance policies that may be used to satisfy a judgment against Sprinturf, then those policies are subject to mandatory disclosure under Rule 26(a)(1)(D). The Motion to Quash, however, is granted for all other policies and documents requested under paragraph one of Schedule A in the October 18, 2006 subpoena.

In its second request, Fieldturf asks Colony National to produce "[t]he complete underwriting file for all policies of

insurance issued to Specialty Surfaces." Fieldturf has failed to demonstrate how the underwriting file is relevant to any of the claims it asserts in the Amended Complaint. Hence, the Motion to Quash is granted with respect to paragraph two of the subpoena.

Third, Fieldturf asks Colony National to produce "all liability insurance claim files for any policies of liability insurance issued to Specialty Surfaces." Sprinturf announced in its press release that it would contact all clients for whom Sprinturf had installed sand-based artificial turf, and would provide a free lifetime decontamination service. Fieldturf argues that this promise, if true, would almost certainly be documented in communications between Sprinturf and Colony National. The Court finds this relevancy argument persuasive and thus denies the Motion to Quash with respect to paragraph three of the subpoena.

As a final matter, Sprinturf argues that Fieldturf's subpoena was premature because it was issued before the parties had agreed to a written discovery plan. In support of this argument Sprinturf cites Rule 26(d), which states that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). That rule, however, does not require parties to agree to a written plan. On the contrary, Rule 26(f) only requires that parties "confer to consider the nature and basis of their claims and defenses and the possibilities for a

prompt settlement or resolution fo the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan." Fed. R. Civ. P. 26(f). Development is not the same as agreement. Sprinturf is thus incorrect in assuming that Rule 26(f) requires more than a conference between the parties. Because the parties discussed their cases and made proposals for discovery during a lengthy conference call on September 26, 2006, the Rule 26(f) requirement was met. Thus, the subpoena issued by Fieldturf was not premature.

**CONCLUSION**

For the foregoing reasons, the MOTION TO QUASH SUBPOENA will be GRANTED with respect to the requests contained in paragraphs one and two of Schedule A, but DENIED with respect to paragraph three.

Plaintiff's Motion for Leave to File Supplemental Authority is DENIED as moot.

The Clerk is directed to send a copy of the Memorandum Opinion to all counsel of record.

It is so ORDERED.

/s/
Robert E. Payne
United States District Judgment

Richmond, Virginia
Date: December 4, 2006